618 S.E.2d 921

**In the Matter of Johnny W. RABB, Jr., Respondent.**

**No. 26033.**

Supreme Court of South Carolina.

Submitted Aug. 2, 2005.

Decided Aug. 29, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and Charles N. Pearman, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Desa A. Ballard and Jason B. Buffkin, of West Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to a ninety (90) day suspension from the practice of law. *See* Rule 7(b), RLDE, Rule 413, SCACR. We accept the Agreement and definitely suspend respondent from the practice of law in this state for a ninety (90) day period. The facts, as set forth in the Agreement, are as follows.

## *FACTS*

Respondent pled guilty to one count of willful failure to file a state income tax return in violation of South Carolina Code Ann. § 12–54–44(B)(3) (2000). He was sentenced to either nine (9) months imprisonment or payment of a $1,000 fine and payment of $14,724 in restitution. Respondent represents he has paid the fine and restitution. Respondent acknowledges that the willful failure to file an income tax return is a serious crime as defined in Rule 2(aa), RLDE, Rule 413, SCACR.

## *LAW*

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); Rule 8.4(b) (lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to the administration of justice). In addition, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(4) (it shall be a ground for discipline for a lawyer to be convicted of a crime of moral turpitude or a serious crime).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for a

ninety (90) day period. We grant respondent's request that the suspension be made retroactive to the date of his interim suspension.[1] Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

DEFINITE SUSPENSION.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

1. On June 23, 2005, respondent was placed on interim suspension. *In the Matter of Rabb*, 365 S.C. 15, 615 S.E.2d 450, 2005 WL 1523870 (June 23, 2005).